By the Court,

Nelson, Ch. J.
The opinion delivered by the learned judge on the motion before him for a new *468 trial(a) is, I think, conclusive to show that the defendants cannot protect themselves under the ordinance passed by their predecessors; but I am constrained to differ with him in respect to the extent of their powers as commissioners of highways.(b)
The 14th section of the charter of the village of Watertown, (Sess. Laws of 1831, p. 371,) provides, that the village shall be a road district, and the trustees are declared to be commissioners of highways, having the same powers and. charged with the same duties over the roads in the village as" are possessed by commissioners of highways of towns.
With a view to ascertain whether the doing of the act complained of in this case comes within the legitimate scope of the authority conferred upon commissioners by statute, it becomes important to enquire into the extent of the *469 powers arid duties of these officers. They are required to take upon themselves the care and superintendence of highways and bridges; to give directions for repairing them; to regulate roads already laid out; .to cause the highways to be kept in repair; to assign to each road district such of the inhabitants liable to work thereon as they may think proper, and to require the overseers to warn all persons assessed to work thereon. (1 R. iS. 500, § 1, 2d ed.) It is also provided, that the overseers of highways shall pay to the commissioners all commutation moneys remaining in their hands, to be applied by the latter in making arid improving the roads and bridges in such manner as they may direct, (Id. p. 509, § 54.)
Here is certainly no inconsiderable amount of authority specially conferred upon these officers in respect to the care and management of highways, both as regards the work to be done on them and the means of doing it; and when viewed as applicable to officers whose territory lies within the corporate limits of a village, where the general duties thus imposed are naturally called into more active requisition than in towns, their powers should not be unnecessarily crippled by a narrow or technical construction of the statute. On the contrary, the statute should be liberally expounded, and the acts of the commissioners indulgently regarded both by courts and juries. But if the most rigid role of interpretation were applied to the statute, I cannot doubt that the powers conferred by it furnished a full warrant for doing the act complained of in this case.
It is supposed that Callender v. Marsh, (1 Pick. Rep. 418,) is an authority to the point in favor of the plaintiffs ; but as I understand that case, it supports, so far as it goes, the view which I have taken of the case at bar. That was an action against one of the surveyors of highways of the city of Boston, for digging down the streets by the plaintiff's dwelling house; and the question involved was, whether the defendant’s authority under the statute was sufficient to justify the act. The statute provided that all highways, &c. should be kept in repair and *470 amended, and that surveyors of highways should be chosen who should have full power and authority to cut down, remove, <fcc. every thing that should straiten, hurt, hinder or incommode the highway. The power to lay out and widen streets had been conferred upon the selectmen of Boston; and it was insisted, on the side of the plaintiff, that the surveyor had no authority to cut down streets, but that this power was possessed exclusively by the selectmen under whose direction the act complained of should have been done. The court held otherwise, and decided that the surveyor was fully justified. '
In the case before us, as has already been seen, the trustees had the care and superintendence of the highways, and the power of regulating them; and they were authorized to direct the making of such repairs as should be deemed necessary, besides being required to lay out the unexpended ■ commutation money in such improvements as they might direct. It appears to me that these powers are equally extensive with those possessed by the surveyor in the case just cited, without regard to the additional authority possessed by the defendants here, of altering and discontinuing roads. In the case cited, the defendant had power to repair and amend; in this, to repair and regulate.
It seems to be supposed that there is some distinction, in respect to the powers of the defendants, between the travelled part of the road, so called, and the sideways; and that while they can exerercise an unlimited discretion as to the regulation and improvement of the one, they are, in some way, limited and restricted as to the other. I know of no such distinction. Their powers are co-extensive with the territory included in the public way, and they may work and improve every part and parcel of it at pleasure, being only responsible for a wanton or malicious injury to the rights of the adjacent owners. It may very well be, that in some places, and especially in thickly settled villages, the whole width of the street requires regulation and improvement, not only for the public convenience, but to avoid danger to the teams of travellers on *471 account of some irregular formation or roughness of surface. Indeed, the whole breadth may be required, in the judgment of the commissioners, for the convenience of the public travel.
It was urged upon the argument, that the charter of the village conferred exclusive power over the side-walks upon the board of trustees, as such. I apprehend that this is a mistake. It is true, the 17th section, (Seas. L. of 1831, p. 371, 2,) provides that the trustees, upon the petition of a majority of the persons liable to be assessed therefor, may cause to be made or repaired the side-walks and cross-walks in said village; that all persons liable to be assessed for side-walks, shall have the opportunity to construct them in front of their own lots; but if not done in the manner, of the materials, and within the time prescribed by the trustees, the latter may cause them to be constructed, and assess the expense upon the owners. But the power thus conferred is in addition to that possessed by these officers as commissioners, and in no way interferes with the execution of their duties in that capacity. It contemplates an improvement beyond what might be supposed to be within the means furnished the commissioners, and derivable from the highway assessments. There are no negative words indicating an intent to abridge the powers previously conferred; and upon general principles, the section should not be so construed. Besides, it is unreasonable to suppose that the legislature intended to place this class of improvements exclusively under the control of a majority of the persons whose lots were liable to assessment; for the whole village, and the public generally, are interested in the regulation of the side-walks.
Upon the whole, after the best consideration I have been able to give the case, I cannot doubt that the defendants possessed full authority to do the act complained of, and that a new trial should be denied.
New trial denied.

а) A motion for a new trial in this case was made before Judge Gridley under the act of 1832, (Sess. Laws of 1832, p. 189, § 2,) and granted. The following extract from the judge’s opinion is the part referred to by the Chief Justice:
“ The former trustees had no authority to act in the premises except upon the petition of a majority of the persons liable to be assessed for the expense of making the contemplated improvement. (Sess. Laws of 1831, p. 371, § 17.) It was shown on the trial that such a petition was presented, but the plaintiffs offered to prove that it was a forgery as to two of the subscribers, or, in other words, that after they had signed it, it was so interlined as to embrace the side-walk in question instead of being confined exclusively to one on another street. I cannot resist the conclusion that all the proceedings founded on that petition were coram non judies and void, inasmuch as the petitioners, excluding the two referred to, were less than a majority of the persons whom the trustees had adjudged liable tobe assessed for the expense of making the improvement. In passing the ordinance in question, the trustees acted judicially, but they were a tribunal of special and limited jurisdiction, the want of whose jurisdiction is a matter which may always be shown. If the ordinance was void, then the defendants were not authorized to do the act complained of, for the purpose of carrying that ordinance into execution. The books are full of cases supporting this proposition, and though the enforcing of such a rule against trustees who have acted in good faith but have been imposed upon by a forgery, operates most unjustly and oppressively, yet I know of no authority for making such a ease an exception to the general rule.”

 Judge Gridley was of opinion, on the motion for a new trial, that the defendants had no power to fio the act complained of in virtue of their office as commis. sioners of highways.